1  Joseph Choate, Jr., 039018
   Bradley L. Cornell, 162384
2  CHOATE & CHOATE
   523 West Sixth Street, Suite 541
3  Los Angeles, California 90014-1225

4  Telephone: (213) 623-2297
   Facsimile: (213) 623-6429

6  Counsel for Plaintiff
   Four Seasons Produce, Inc.
7  and Plaintiff-in-Intervention
   Stevco, Inc.

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| FOUR SEASONS PRODUCE, INC., ) | Case No. CIV-F-03-6374 LJO |
| ) | |
| Plaintiff, ) | [Lawrence J. O'Neill] |
| ) | |
| vs. ) | **STIPULATION RE DISTRIBUTION OF** |
| ) | **PJ PRODUCE RECEIVABLE TO** |
| ) | **TRUSTEE AND FOR PAYMENT OF FEES** |
| CONTINENTAL FOOD GROUP, LLC, ) | **AND COSTS TO COURT APPOINTED** |
| etc., et al., ) | **LITIGATION COUNSEL** |
| ) | |
| Defendants. ) | |
| _____) | |
| AND RELATED COMPLAINTS IN ) | |
| INTERVENTION ) | |
| _____) | |

1.
_____
**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR**
**PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**

**FACTUAL BACKGROUND**

1. On August 16, 2004, the court entered its Order on the parties' <u>Second Amended And Restated Stipulation for Preliminary Injunction</u> ("Stipulation & Order") establishing a procedure for collection of defendant Continental Food Group, LLC's ("CFG's") receivables and distribution of those receivables to qualified PACA claimants.

2. Pursuant to ¶29 of the Stipulation & Order, the court authorized the collection of a significant outstanding receivable from P.J. Produce, Inc. ("PJ") which is the subject of a pending action in the United States District Court, Southern District of New York, encaptioned <u>Continental Food, et al v. P.J. Produce, Inc., et al</u>, Case No. 1:03-cv-07101. The action alleges PACA Trust violations by PJ in favor of CFG. A Preliminary Injunction has been entered in the PJ action which provides for the collection, liquidation, and distribution of PJ's PACA Trust assets to PJ's qualified PACA trust creditors. CFG's pro-rata share of the proceeds collected in the PJ action is in turn a PACA Trust asset of CFG subject to distribution in the instant action. Paragraph 29 of the Stipulation & Order in the instant action authorized Louis W. Diess, Esq., to represent CFG in the PJ litigation for the purpose of collecting amounts owed to CFG from PJ and authorized compensation for that representation payable from the proceeds in the PJ litigation, subject to order on stipulation of the parties or application to the court.

3. A first distribution of PJ PACA trust assets has been authorized in the PJ action. CFG's gross pro-rata share of the first distribution is $141,821.90.

2.

**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR
PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**

1    4.   The PJ litigation has required, <u>inter alia</u>, the
2  following actions by the court appointed counsel:
3  <u>September 2003</u>
4  a) Initiate federal court action in the Southern District of
5  New York and obtain ex parte Temporary Restraining Order
6  ("TRO") to prevent further dissipation of assets impressed
7  with the PACA trust; b) Negotiate, draft and obtain entry of
8  Preliminary Injunction Order and PACA Claims Procedure
9  Order; c) Negotiate wind-down budget with counsel for
10 defendants.
11 <u>October, 2003</u>
12 a)  Obtain and review financial documents of PJ and oversee
13 collection of accounts receivable of PJ; b) Prepare PACA
14 Proofs of Claim for Continental.
15 <u>November, 2003</u>
16 a) Review of all PACA claims fled against PJ and prepare and
17 file objections thereto; b) Review of objections to claims
18 and respond to discovery requests of defendants; c) Review
19 and analyze initial offer to purchase interest of PJ's units
20 on Hunts Point Terminal Market.
21 <u>December, 2003</u>
22 Draft and file responses to objections to claim.
23 <u>January, 2004</u>
24 Prepare for and attend status conference.
25 <u>February - March, 2004</u>
26 a) Review and redraft of PACA trust chart prepared by
27 counsel for PJ; b) Obtain and review documents from client
28 to resolve objections to claim of Continental; c) Attend

3.

_____
**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR
PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**

hearing on objection to claims.

<u>April - May, 2004</u>

Review of additional offers for units, reject certain offers and obtain increased final bid for units.

<u>June - July, 2004</u>

a) Review of motion to intervene of Union Pacific Railway and draft opposition thereto; b) Review and approve of closing documents for sale of units and order authorizing sale.

<u>September, 2004</u>

Review all documents relating to objections to claims, analyze objections and begin settlement negotiations with counsel for PJ and attorney for Jacobson's PACA trust creditors (Jacobson was the prior owner of units).

<u>October, 2004</u>

Attend hearing and successfully defeat Union Pacific's motion to intervene.

<u>December, 2004 - January, 2005</u>

Negotiate and settle claim of Jacobson and objections to claim of Continental.

<u>February- March, 2005</u>

Negotiate settlement with one individual defendant and redraft order to disburse PACA funds.

<u>May, 2005</u>

a) Draft of opposition to Union Pacific's motion to stay distribution, prepare and argue motion to stay in Court of Appeals for Second Circuit; b) Draft and file Appeal Brief on Union Pacific appeal of order denying intervention.

4.

1	<u>June and August, 2005</u>

2	Attend status conference and obtain order authorizing
3	distribution.

4	5.	For the services outlined above CFG has incurred legal
5	fees & costs in the PJ's action payable to McCarron & Diess and
6	local counsel in New York in the aggregate amount of $37,832.12.
7	No payment has been received by McCarron & Diess or local counsel
8	for any of the services provided.

9	6.	The proposed net distribution to CFG from the PJ
10	litigation is **$103,989.78** (gross distribution of $141,821.90 less
11	fees and costs of $37,832.12).

12	7.	McCarron & Diess is holding an additional 5% of CFG's
13	qualified PACA claim pending the Court of Appeals decision on the
14	Union Pacific's claim.

## STIPULATION

NOW THEREFORE, the parties by and through their respective
counsel of record hereby stipulate as follows:

19	1.	The trustee herein is authorized to accept a first
20	distribution from the trustee in the PJ litigation in the net
21	amount of $103,989.12 to be distributed pursuant to the terms of
22	the <u>Second Amended And Restated Stipulation for Preliminary</u>
23	<u>Injunction</u> and <u>Order</u> thereon entered in the instant action.

24	2.	Louis W. Diess, Esq., of McCarron & Diess is authorized
25	to withhold and pay to McCarron & Diess and local counsel in New
26	York the aggregate sum of $37,832.12 from the gross distribution
27	of $141,821.90 in payment of legal fees and costs incurred by CFG
28	in the PJ action.

IT IS SO STIPULATED:

Dated: October 28, 2005          CHOATE & CHOATE

                                 /s/Bradley L. Cornell
                                 Bradley L. Cornell
                                 Counsel for Plaintiffs,
                                 Four Seasons Produce, Inc. and
                                 Stevco, Inc.


Dated: October 28, 2005          FARLEY LAW FIRM

                                 /s/Michael L. Farley
                                 Michael L. Farley
                                 Counsel for Defendants Continental
                                 Food Group, LLC, Ki Thompson, and
                                 Lionel Guzman


Dated: October 28, 2005          KIMBLE, MACMICHAEL, & UPTON

                                 /s/Chistopher E. Seymour
                                 Jon Wallace Upton
                                 Christopher E. Seymour
                                 Counsel for Defendant New Leaf Tree
                                 Fruit Company, Inc.


Dated: October 28, 2005          RYNN & JANOWSKY, LLP

                                 /s/Bart M. Botta
                                 Bart M. Botta
                                 Counsel for Plaintiffs UniMark
                                 Foods, Inc.; Suntreat Packing &
                                 Shipping Company; and Anthony
                                 Vineyards

**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**

| | |
|---|---|
| 1  Dated: October 28, 2005 | SANTOS, STOKES, LLP |
| 4 | /s/Craig A. Stokes |
| | Craig A. Stokes |
| | Counsel for Intervenors Citricos |
| | Cortes SPR de RI and A-W Produce |
| | Company |
| 8  Dated: October 28, 2005 | LEDFORD LAW CORPORATION |
| 11 | /s/Merl Ledford, III |
| | Merl Ledford, III |
| | Counsel for Euro-Pacific Fruit |
| | Export, Inc. |
| 14  Dated: October 28, 2005 | MEUERS LAW FIRM, P.L. |
| 17 | /s/Lawrence H. Meuers |
| | Lawrence H. Meuers |
| | Counsel for DNE World Fruit Sales |
| | d/b/a of Bernard Egan & Company |
| 20  Dated: October 28, 2005 | TYRE KAMINS KATZ GRANOF & MENES |
| 23 | /s/Alan J. Cohen |
| | Alan J. Cohen |
| | Counsel for James Abbate dba |
| | Pacific Sales Company |

7.

**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**

1  Dated: October 28, 2005          MCCARRON & DIESS

                                            /s/Louis W. Diess
                                        _____
                                        Louis W. Diess
                                        Court Appointed Counsel for
                                        Continental Food Group, LLC in
                                        PJ's Litigation

**O R D E R**

Having read and considered the above stipulation,

**IT IS HEREBY ORDERED** that:

1.  The trustee herein is authorized to accept a first distribution from the trustee in the PJ litigation in the net amount of $103,989.12 to be distributed pursuant to the terms of the <u>Second Amended And Restated Stipulation for Preliminary Injunction</u> and <u>Order</u> thereon entered in the instant action.

2.  Louis W. Diess, Esq., of McCarron & Diess is authorized to withhold and pay to McCarron & Diess and local counsel in New York the sum of $37,832.12 from the gross distribution of $141,821.90 in payment of legal fees and costs incurred by CFG in the PJ action.

IT IS SO ORDERED.

**Dated:   November 3, 2005**          /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE

8.

**STIPULATION RE DISTRIBUTION OF PJ PRODUCE RECEIVABLE TO TRUSTEE AND FOR PAYMENT OF FEES AND COSTS TO COURT APPOINTED LITIGATION COUNSEL**